IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:23-cv-00190-MR

| | |
|---|---|
| ELIJAH E. PACHECO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FNU WHITLEY, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Plaintiff's pro se Amended Complaint [Doc. 7].[1] The Plaintiff is proceeding in forma pauperis. [Doc. 6].

**I. BACKGROUND**

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Wilkes County Jail ("WCJ"), where he is a pretrial detainee. [Doc. 1]. He purports to raise claims under "I Amend., XIV Amend. – Denial of a Religious Practice – Unreasonable Punishment/ Transport (Involuntary – Commitment) … [and] -'Retaliation.'" [Doc. 7 at 1]. He appears to claim that he was transported from

---

[1] The Plaintiff filed the Amended Complaint before the original Complaint [Doc. 1] had been reviewed for frivolity.

WCJ to the North Carolina Central Prison in Raleigh without his legal materials on November 16, 2023, and that this transport was done in order to deprive him of access to the courts and in retaliation for having complained about the denial of a kosher diet. [Id. at 1-3]. He names as Defendants in their individual capacities: FNU Whitley, a WCJ major; FNU Wyatt, a WCJ captain; FNU Hamby, a WCJ corporal; Jane Doe, a WCJ sergeant; Christopher Shumate, FNU Brown Jonathan Patrick, Ian Grant, and Cody White, WCJ officers; Robert Anderson[2]; and John Doe, a doctor.[3] He seeks "compensatory damages for pain & suffering as well as mental & emotional damage, in addition to punitive relief for statutory damages." [Id. at 3].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous,

---

[2] The Plaintiff does not identify the capacity in which Anderson is employed.

[3] The body of the Amended Complaint refers to a doctor who saw the Plaintiff upon his arrival at the Central Prison, as well as a doctor with whom he was supposed to have an appointment at WJC. The Court cannot determine, at this time, which doctor the Plaintiff intends to name as a Defendant. [Doc. 7 at 1-2].

2

malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

### A. Parties

The Plaintiff names as Defendants Robert Anderson and Major Whitley, against whom he makes no factual allegations, and a John Doe doctor, who is not clearly identified and against whom the Plaintiff makes no meaningful factual allegations. [See note 2, supra]. The Amended Complaint is so vague and conclusory in this regard that it fails to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Accordingly, the claims against Defendants Anderson, Whitley, and the John Doe doctor are dismissed without prejudice.

The Plaintiff also uses vague terms and pronouns rather than identifying the individual(s) involved in each allegation. [See, e.g., Doc. 7 at 2-3 (referring to a "nurse," "Jail's administration," "Jail," and "lieutenants")]. Such claims are too vague and conclusory to proceed insofar as the Court is unable to determine the Defendant(s) to whom these allegations refer. See Fed. R. Civ. P. 8(a)(2); Simpson, 900 F.2d at 35; Dickson, 309 F.3d at

201-02. These claims are also nullities insofar as they refer to individuals not named as defendants in the caption as required by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551, 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity"). The allegations directed at individuals not named as Defendants, and which refer to non-parties are, therefore, dismissed without prejudice.

### B. Religious Exercise

To state a free exercise claim under the First Amendment, a plaintiff must allege facts sufficient to show that: (1) he held a sincere religious belief and (2) that his religious practice has been substantially burdened by a prison policy or practice. See generally Hernandez v. C.I.R., 490 U.S. 680, 699 (1989); Greenhill v. Clarke, 944 F.3d 243, 253 (4th Cir. 2019). A prison policy that substantially burdens an inmate's ability to practice his religion withstands a First Amendment challenge when it is "reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. 342,

5

349 (1987) (quoting Turner, 482 U.S. at 89). "A substantial burden either puts pressure on a person to change his religious beliefs or puts that person to a choice between abandoning his religion or following his beliefs and losing some government benefit." Firewalker-Fields v. Lee, 58 F.4th 104, 114 (4th Cir. 2023) (citing Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006)). If that threshold showing is made, the prisoner must then show that the practice or regulation is not "reasonably related to legitimate penological interests." Id. (quoting Turner, 482 U.S. at 89).

The Plaintiff appears to allege that he repeatedly requested a kosher diet for his religious practice; that some unidentified captain denied the Plaintiff's requests, saying "we no longer do special diets"; that the Plaintiff informed that captain that he could not eat the meals that were being provided; and that the Plaintiff experienced mental and physical harm, including the loss of more than 30 pounds, as a result. [Doc. 7 at 2-3]. Once again, the Plaintiff does not allege that such actions were done by an identified defendant. As such, this claim cannot pass initial review.

**C. Retaliation**

An inmate has a clearly established First Amendment right to be free from retaliation for filing lawsuits. See Booker v. S.C. Dep't of Corrs., 855 F.3d 533, 540 (4th Cir. 2017); Thompson v. Commonwealth of Va., 878 F.3d

6

Case 5:23-cv-00190-MR   Document 9   Filed 05/15/24   Page 6 of 12

89, 110 (4th Cir. 2017). Inmates also have a protected First Amendment right to complain to prison officials about prison conditions and improper treatment by prison employees that affect them. See Patton v. Kimble, 717 F. App'x 271, 272 (4th Cir. 2018).

To state a colorable First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct. Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (quotation marks and citation omitted). Retaliation claims brought by prisoners, however, are treated with skepticism because every act of discipline by a prison official is retaliatory in that it responds directly to prisoner misconduct. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). More, bare or conclusory assertions of retaliation are insufficient to establish a retaliation claim. Id.

Here, the Plaintiff appears to claim that Defendants Shumate, Brown, Patrick, Grant, White, and Sergeant Jane Doe forced him to transfer to Central Prison without his legal property in retaliation for having complained about the conditions at WCJ. The Plaintiff alleges that he informed Defendant Hamby a few months prior to the transfer that, if he were to be

7

Case 5:23-cv-00190-MR   Document 9   Filed 05/15/24   Page 7 of 12

transferred, he did not consent to his legal materials being left behind. [Doc. 7 at 1-3]. The Defendants who are identified in relation to this claim, however, are merely the transport officers who participated in transferring the Plaintiff to Raleigh. The Plaintiff alleges that he was told by these officers that his materials would be forwarded to him. There are no allegations that any of these Defendants participated in a decision to have the materials withheld. Moreover, the Plaintiff alleges no facts giving rise to an inference that any of these Defendants were even aware of the Plaintiff's complaints regarding his diet. Therefore, this claim as to these Defendants will be dismissed without prejudice.

### D. Access to the Courts

The Supreme Court stated in Bounds v. Smith, 430 U.S. 817 (1977), that prisoners must have meaningful access to the courts. The "meaningful access" referred to in Bounds does not, however, entitle a plaintiff to total or unlimited access. See Moore v. Gray, No. 5:04-CT-918-FL, 2005 WL 3448047, at *1 (E.D.N.C. Jan. 26, 2005), aff'd, 133 F. App'x 913 (4th Cir. 2005) (unpublished) (citation omitted). The right of access to the courts only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 356-57 (1996). Moreover, as a jurisdictional requirement flowing from the

standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim challenging their conviction or conditions of confinement. See id. A plaintiff's "[f]ailure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to his Bounds claim." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting Casey, 518 U.S. at 353).

The Plaintiff claims that he was transferred to Central Prison without his legal materials in order to deny him access to the courts. [Doc. 7 at 2]. Assuming that the Plaintiff is attempting to assert this as a separate claim, it fails initial review. The Plaintiff's vague and conclusory allegations are insufficient to plausibly demonstrate that any Defendant caused him an actual injury in presenting a non-frivolous claim about his conviction or conditions of confinement. Accordingly, to the extent that the Plaintiff is attempting to state a claim for denial of access to the courts this claim is dismissed without prejudice.

### E. Cruel and Unusual Punishment

"[A] pretrial detainee has a right under the Due Process Clause to be free from punishment before his guilt is adjudicated." Tate v. Parks, 791 F. App'x 387, 390 (4th Cir. 2019) (citing Bell v. Wolfish, 441 U.S. 520, 535

(1979)). An individual pretrial detainee may raise a substantive due process challenge to his conditions of confinement "where they are so disproportionate or arbitrary that they are not related to legitimate penological objectives and amount to punishment." Id. (citing Williamson v. Stirling, 912 F.3d 154, 174-76 (4th Cir. 2018)). "To prevail on such a claim, a detainee must show that the challenged treatment or conditions were either (1) imposed with an express intent to punish, or (2) not reasonably related to a legitimate nonpunitive objective, in which case an intent to punish may be inferred." Id. (citing Williamson, 912 F.3d at 178).

Here, the Plaintiff asserts a claim for "Unreasonable Punishment/ Transport (Involuntary – Commitment)." [Doc. 7 at 1]. He appears to claim that the transfer to Central Prison was objectively unreasonable because he was transferred on a "commitment order" despite having "no serious mental health issue," and he was not allowed to bring his legal materials or identification with him. [Id. at 1-3]. The Plaintiff's claims about the validity of the commitment order are too vague and conclusory to state a plausible claim against any Defendant; he does not allege any facts to suggest that any identified Defendant was responsible for, or had the authority to make, the commitment decision. Further, the Plaintiff's claim that he was transferred without his legal materials and identification is not adequately

serious to rise to the level of punishment under an objective standard. See generally Kingsley v. Hendrickson, 576 U.S. 389 (2015) (describing the objective reasonableness standard applies to pretrial detainees' claims under the Fourteenth Amendment, rather than the Eighth Amendment standard that applies to convicted prisoners). Accordingly, the Plaintiff's claims of "Unreasonable Punishment/ Transport (Involuntary – Commitment)" are dismissed.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim upon which relief can be granted, and this action is therefore dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted, in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should the Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. This action [Am. Complaint Doc. 7] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If the Plaintiff fails to so amend his Complaint, the matter will be dismissed without further notice.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 complaint form and a copy of this Order.

**IT IS SO ORDERED**.

May 15, 2024

Martin Reidinger
Chief United States District Judge